UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLEN KENNETH MASON,<br>      Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:20cv246(KAD) |
| SERGEANT BESSE, ET AL.,<br>      Defendants. | :<br>:<br>: |

# RULING AND ORDER

Plaintiff, Allen Kenneth Mason, is a pretrial detainee who is currently confined at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut.  On February 21, 2020, he filed a civil rights complaint against Norwich Police Sergeants Besse and Rankin, Norwich Police Lieutenant Rykowski and Norwich Police Officers Krodel, Cannata, Dupointe and Meikle.  He asserted claims under 42 U.S.C. §§ 1981, 1982, 1985, 1986 and 1997 and 18 U.S.C. §§ 1961–1968 arising from his arrests by the defendants on October 12, 2019, October 26, 2019 and October 30, 2019.

On May 18, 2020, following review of the complaint under 28 U.S.C. § 1915A, the court dismissed all allegations and claims associated with Mason's October 12, 2019 arrest; the claims asserted under 42 U.S.C. §§ 1981, 1982, 1985, 1986 and 1997; the RICO claim asserted under 18 U.S.C. §§ 1961–1968; and the following claims asserted under 42 U.S.C. 1983: the Fourth Amendment claim of excessive force asserted against Sergeant Rankin and Officers Krodel, Cannata, Meikle and Dupointe for brandishing their weapons during Mason's arrest on October 30, 2019, the Eighth Amendment excessive force and conditions of confinement claims, the Fourteenth Amendment due process claim and the Fourteenth Amendment Equal Protection claim.  *See* IRO, ECF No. 12.  However, the court dismissed some claims arising from Mason's

arrests on October 26, 2019 and October 30, 2019 without prejudice, to include the Fourth Amendment detention, arrest, search and seizure claims; the Fourth Amendment excessive use of force claims; the Fourteenth Amendment conditions of confinement claim. *Id.* at 18. The court permitted Mason until June 17, 2020 to file an amended complaint to reassert these claims in an amended complaint. *Id.* Because Mason did not file an amended complaint within the time specified by the court, on September 9, 2020, the court issued an order dismissing the case and directing the Clerk to close the case. *See* Order, ECF No. 13.

On September 14, 2020, Mason filed an amended complaint without moving for leave to reopen the case. *See* Am. Compl., ECF No. 14. On November 12, 2020, Mason filed a motion to reopen. *See* Mot. Reopen, ECF No. 15. Although Mason states that he sent an amended complaint to the court on June 16, 2020 and suggests that the court overlooked the amended complaint in dismissing the case on September 9, 2020, the Clerk of the Court has no record of receiving an amended complaint until September 14, 2020.[1] On December 7, 2020, the court granted the motion to reopen. Although the amended complaint includes more of a narrative than the original complaint, it is remains deficient in several respects.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest

---

[1] Although the Amended Complaint contains an indication that it was scanned for e-filing at the prison facility on June 16, 2020, the Clerk confirmed that the Amended Complaint was not received per the prisoner e-

2

arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

**Factual Allegations**

On October 28, 2019, Mason called the Norwich Police Department to speak to Lieutenant Peperni about the way that Officer Krodel and Officer Cannata had treated him during his confinement at the Norwich Police station in connection with his arrest on a prior occasion. *See* Am. Compl., ECF No. 14, at 1. After making the telephone call, Mason completed a civilian complaint and traveled to the Norwich Police Department to file it. *Id.* Norwich Police staff would not accept the written complaint because Lieutenant Peperni was not in the station. *Id.*

On the evening of October 30, 2019, Mason walked toward his Sport Utility Vehicle that was parked in front of a friend's house. *Id.* Mason observed that a police vehicle was parked across the street. *Id.* Mason got into the driver's seat, started the vehicle and proceeded down

filing protocols.                                                        3

the road to a private parking lot. *Id.* Almost immediately after Mason drove away from his friend's house, the police vehicle, driven by Officer Krodel, pulled up behind Mason and turned on the vehicle's lights to pull Mason over. *Id.* Officer Cannata was riding in the front passenger seat of the police vehicle. *Id.*

When Mason attempted to turn into a private parking lot, Officer Krodel rammed the police vehicle into Mason's vehicle causing it to hit a fire hydrant. *Id.* at 1-2. As a result of the collision, Mason experienced dizziness. *Id.* at 22. He retrieved his cell phone from inside the vehicle and held it up to the driver's side window with both hands in order to record what was occurring. *Id.* As he stepped out of his vehicle, several officers who were present at the scene yelled various commands at him. *Id.* He stood still and held his hands in plain sight. *Id.* An unidentified police officer used a stun gun on Mason. *Id.* After taking Mason into custody and transporting him to the Norwich Police station, officers denied him food and treated him "badly." *Id.*

**Discussion**

Mason states that he has abandoned any claims that arose from his arrest on October 26, 2019 and seeks only to pursue claims that arise from his arrest on October 30, 2019.[2] *Id.* at 1. Preliminarily, the court observes that the amended complaint is deficient in that it includes no

---

[2] The State of Connecticut Judicial Branch website reflects that on October 30, 2019, Norwich police officers arrested Mason and charged him with the following six motor vehicle offenses: one count of improper use of a marker plate, license or registration; one count of illegal operation of motor vehicle while license or registration is under suspension; one count of passing in no passing zone; one count of reckless driving; one count of failure to drive on the right side of the road; and one count of illegal operation of a motor vehicle while under the influence of alcohol or drugs and charged him with the following three criminal offenses; one count of illegal possession of weapon in a motor vehicle; one count of interfering with an officer/resisting arrest; and one count of use or possession of drug paraphernalia. These charges remain pending against Mason. Information regarding this arrests and charges may be found at: http://www.jud.ct.gov/judt.htm under Criminal/Motor Vehicle Case Look-up, Pending Case – By Docket Number using Case Numbers K21N-MV19-0201272-S and K21N-CR19-0161392-S (Last Visited December 10, 2020).

request for relief of any kind.  Thus, it does not comply with Rule 8(a)(3) of the Federal Rules of Civil Procedure which requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief" and is subject to dismissal.  *Id.*

**Sergeant Besse**

Although Sergeant Besse is the only identified defendant in the caption of the amended complaint, there are no allegations regarding his conduct of in the body of the amended complaint.  Thus, Mason has not plausibly alleged that Sergeant Besse violated his federally or constitutionally protected rights.   As to any claims intended against Sergeant Besse, the amended complaint is dismissed with prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

**Officers Krodel and Cannata**

Rule 10(a), Fed. R. Civ. P. requires that all parties be listed in the caption of a complaint or amended complaint.  Although Mason refers to the conduct of Officers Krodel and Cannata in the body of the amended complaint, he does not identify them as defendants in the caption.  Nor does he describe them in the body of the complaint.  Accordingly, pursuant to Rule 10(a), Fed. R. Civ. P., Officers Krodel and Cannata are not defendants in the amended complaint and in fact have already been administratively terminated as defendants in light of Mason's failure to comply with Rule 10.

Even if the court were to consider the allegations involving Officers Krodel and Cannata, most of Mason's claim fail.  Mason describes his legal claims as follows: excessive use of force arising out of the use of a stun gun after he got out of his vehicle insofar as he exhibited no signs of evading or resisting arrest; cruel and unusual punishment and retaliation arising out of the denial of food and poor treatment after he was taken into custody; and retaliation arising out of

Officers Krodel's and Cannata's conduct in following him and forcing him off the road after he had complained about their prior conduct to a lieutenant at the Norwich Police Department. Am. Compl. at 1-2.

### Use of Force and Conditions of Confinement

Neither Officer Krodel, nor Officer Cannata are implicated in the use of force at the scene of the traffic stop or the imposition of any harsh conditions on Mason at the Norwich Police Department. As to the excessive use of force – the deployment of a stun gun – Mason alleges that in addition to Krodel and Cannata, other officers were present at the scene. Mason does not identify which officer used the stun gun and there are insufficient allegations to support the inference that Krodel or Cannata had any role in the use of the stun gun. As to the conditions of confinement claim, similarly, there are no factual allegations that either Officer Krodel or Officer Cannata was present during Mason's confinement at the Norwich Police station after the traffic stop on October 30, 2019 or that they had any role in the conditions of his confinement there. Accordingly, Mason has not plausibly alleged either of these claims against Krodel and Cannata even if he had properly identified them as defendants. These Fourth and Fourteenth Amendment claims are dismissed and to the extent this conduct is alleged to be retaliatory in violation of the First Amendment, that claims is dismissed as well. *See* 28 U.S.C. § 1915A(b)(1).

### Retaliation

Mason alleges that on October 30, 2019, Officers Krodel and Cannata followed him in a police vehicle after he entered the roadway in his SUV, flashed their lights and forced him off the road. He contends that Officers Krodel and Cannata "targeted" him in retaliation for making a complaint against them to a lieutenant at the Norwich Police Department on October 28, 2019.

Am. Compl. at 1.

To plead a First Amendment retaliation claim, a private citizen must allege that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. Cty. of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).  To meet the third element, the plaintiff must establish either that the government retaliation "adversely affected" his speech or that he has suffered another concrete harm.  *Id.*  Mason has asserted facts to plausibly meet the first two elements of a retaliation claim.  He alleges that he engaged in protected speech by complaining about the conduct of Officers Krodel and Cannata.  "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987).  Two days after he made the complaint, Officers Krodel and Cannata followed him and rammed his vehicle and forced it off the road and into a fire hydrant.  The court concludes that sufficient temporal proximity existed between the conduct of Officers Krodel and Cannata in ramming Mason's vehicle and the complaint made by Mason about their prior behavior to allow the inference that the conduct was motivated by Mason's complaint.  With regard to the third element, Mason does not allege that he stopped criticizing Officers Krodel or Cannata or the Norwich Police Department after the incident or that his free speech rights were otherwise chilled.  Thus, he must allege another "concrete harm" resulting from the retaliation. He asserts that his vehicle was rammed and forced off the road where it struck a fire hydrant. He alleges he experienced dizziness after his car hit the fire hydrant.  These allegations permit an inference that Mason suffered both property damage and even personal injury. Accordingly, had Mason properly identified Krodel or Cannata

7

as defendants in this action, these allegations would state a plausible retaliation claim.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     Any claims in the amended complaint asserted against Sergeant Besse are **DISMISSED with prejudice** as lacking an arguable legal or factual basis.  *See* 28 U.S.C. § 1915A(b)(1).  The claims in the amended complaint asserted against Police Officer Krodel and Cannata are **DISMISSED without prejudice** pursuant to Rules 8(a)(3) and 10(a), Fed. R. Civ. P. and 28 U.S.C. § 1915A(b)(1).

The court will permit Mason one more opportunity to file a proper amended complaint to assert factual allegations in support of his claims that defendants Krodel and Cannata violated his First, Fourth and Fourteenth Amendment rights arising out of his October 30, 2019 arrest and detention.  If Mason chooses to file a second amended complaint,[3] he must do so by January 11, 2021. The second amended complaint must comply with Rule 8(a)(3) and Rule 10(a) and must set forth specific facts explaining how each properly identified defendant was involved in the alleged constitutional deprivations.

SO ORDERED at Bridgeport, Connecticut this 14th day of December 2020.

                              ___/s/_____
                              Kari A. Dooley
                              United States District Judge

---

[3]   The Court further observes that the allegations in the amended complaint appear to overlap, perhaps significantly, with the criminal allegations against Mason which remain pending in the Superior Court, and with respect to which he has a Fifth Amendment right to remain silent. The Court takes no position with respect to the advisability of proceeding in this matter but makes this observation because Mason proceeds here, *pro se* and there is no indication that Mason's attorney in the criminal proceedings has counseled Mason in this matter.