```
                            UNITED STATES DISTRICT COURT
                              DISTRICT OF CONNECTICUT

------------------------------X
                              :
ALLEN KENNETH MASON           :    Civil No. 3:20CV00246(SALM)
                              :
v.                            :
                              :
BESSE, et al.                 :    January 10, 2022
                              :
------------------------------X
```

## ORDER OF DISMISSAL

"If the plaintiff fails to prosecute or to comply with these rules or a court order," his case may be dismissed. Fed. R. Civ. P. 41(b). Plaintiff here has failed to prosecute and has failed to comply with Court orders. Accordingly, as set forth below, this matter is **DISMISSED**.

Self-represented plaintiff Allen Kenneth Mason filed this action on February 21, 2020, while he was incarcerated. See Doc. #1. After two amendments to the Complaint, the Court issued a final Ruling and Order permitting plaintiff to proceed with the following claims:

> The First Amendment retaliation claim and the Fourth Amendment claims detailed above will proceed against Officers Krodel and Cannata in their individual capacities, and the Fourteenth Amendment claim that the conditions that Mason endured during his confinement at the Norwich Police Department constituted punishment will proceed against Officer Krodel in his individual capacity.

Doc. #21 at 14. On June 3, 2021, plaintiff filed a Notice of Change of Address informing the Court that his new address was:

423 Dixwell Avenue, New Haven, CT, 06511. See Doc. #26 at 1. He also provided an email address: AllenMasonIs561@gmail.com. See id. The Court scheduled a status conference for July 6, 2021, and plaintiff appeared for that conference. See Doc. #33.

Nothing further was filed by plaintiff after that June 3, 2021, change of address.

On October 14, 2021, counsel for defendants filed a motion to compel, asserting that plaintiff had failed to respond to repeated requests for medical records, from July 8, 2021, through the date of the motion. See Doc. #37. Counsel affirmed that he had attempted to reach plaintiff by letter and email on July 8, 2021; August 5, 2021; September 1, 2021; and September 29, 2021. See Doc. #37-1 at 2. The Court denied the motion without prejudice for failure to comply with technical requirements of the Local Rules. See Doc. #39.

On October 25, 2021, the Court docketed a Notice of Calendar, scheduling a telephonic status conference in this matter for November 10, 2021, at 9:30 a.m. See Doc. #41. A copy of the Calendar Notice was mailed to plaintiff at his address of record on October 26, 2021.

On October 29, 2021, and November 2, 2021, the Court received returned mail from the United States Postal Service, indicating that those items were undeliverable to plaintiff as addressed at his address of record. The Court had previously

received other items addressed to plaintiff's address of record returned as undeliverable on July 9, 2021. However, no change of address had been received from plaintiff, and the Court had no other address to which to direct communications regarding this case.

On November 2, 2021, in light of the returned mail, the Court issued an Order to Show Cause, requiring plaintiff to show why this case should not be dismissed "**for failure to prosecute and failure to notify the Court of any change in address**." Doc. #42 at 2. The Court set a deadline of November 23, 2021, for plaintiff to respond. See id.

On November 3, 2021, plaintiff called the Clerk's Office to inquire as to the status of his case. The Clerk advised plaintiff that mail sent to him had been returned as undeliverable. Plaintiff stated that he had moved, and the Clerk directed plaintiff to file a Notice of Change of Address immediately. See Doc. #43. No such Notice was filed.

As previously noted, plaintiff provided the email address "Allenmasonis561@gmail.com" in a Notice of Change of Address. Doc. #26 at 1. On November 3, 2021, the Court docketed an Order providing the date, time, and dial-in information for the November 10, 2021, conference, again, and directed that the Clerk send that Order to plaintiff at the email he had provided. See Doc. #43. No response was received to the Clerk's email.

~ 3 ~

On November 10, 2021, the Court conducted the scheduled telephonic conference. Plaintiff did not appear. See Doc. #44.

The Court therefore issued another warning to plaintiff, advising him: "The Court has ordered plaintiff to show cause by **November 23, 2021**, why this matter should not be dismissed. See Doc. #42. If the Court does not receive a satisfactory response to the Order to Show Cause by the close of business on **November 23, 2021**, this matter will be dismissed." Doc. #45 at 2-3. This Order was mailed to the only address the Court has for plaintiff, that is, his address of record.

On November 15, 2021, the Court received two returned envelopes, which contained Doc. #40, Doc. #41, and Doc. #42, addressed to plaintiff's last known address, marked undeliverable because "NOT HERE."

On November 22, 2021, plaintiff called the Clerk's Office. The Clerk again advised plaintiff that the mail sent to him had been returned as undeliverable and advised plaintiff that his case would be closed on November 23, 2021, if he did not file anything. Plaintiff asked that the case not be closed because he currently has no place to receive mail and he can only be contacted by telephone.

Plaintiff did not file any response to the Order to Show Cause by the deadline of November 23, 2021.

On November 24, 2021, the Court issued a final warning to

~ 4 ~

plaintiff, stating:

> This case is subject to dismissal. The Court, however, is mindful of plaintiff's situation. Accordingly, the Court will provide one final opportunity to plaintiff to respond to the Court's prior orders, and to inform the Court whether he wishes to pursue this matter. **If the Court does not receive an appropriate response by January 5, 2022, the case will be DISMISSED, without further notice.**

Doc. #46 at 6. The Order was sent to plaintiff at both his last known mailing address and the email address previously noted. See id.

On December 3, and December 21, the Court again received returned envelopes, which contained Doc. #44, Doc. #45, and Doc. #46, addressed to plaintiff's last known address, marked undeliverable because "NOT HERE."

Plaintiff has failed to appear for a duly scheduled conference, of which notice was sent by both postal mail and email. He has failed to respond to repeated Court orders. Other than his phone calls to the Clerk's Office on November 3, 2021, and November 22, 2021, the Court has had no contact from plaintiff at all since the July 6, 2021, scheduling conference.

The Court is sympathetic to the plaintiff's circumstances but is unable to address this matter if plaintiff does not participate in it. Plaintiff has now failed to prosecute this matter for six months. The delay has caused prejudice to defendants, in that they have been unable to proceed with

~ 5 ~

discovery.

Accordingly, for the reasons set forth herein, this matter is hereby **DISMISSED**. The Clerk shall close this case.

If plaintiff wishes to pursue this action, he may file a motion to reopen, setting forth good cause for his failures to prosecute and to comply with Court orders, and a basis for reopening the case.

It is so ordered at New Haven, Connecticut, this 10th day of January, 2022.

                                              /s/
                                        HON. SARAH A. L. MERRIAM
                                        UNITED STATES DISTRICT JUDGE